UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES DELTON JACKSON, III,

  Plaintiff,

  v.

CEDAR MILLS PROPERTY MANAGEMENT, et al.,

  Defendants.

Case No. 26-1033-DDC-BGS

**MEMORANDUM & ORDER GRANTING
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES and
DENYING REQUEST FOR COUNSEL**

  This matter comes before the Court on Plaintiff James Jackson's Motion to Proceed without Prepayment of Fees, which requests leave for Plaintiff to proceed *in forma pauperis* ("IFP"). Doc. 3, sealed. Plaintiff also filed a Motion for Appointment of Counsel. *See* Doc. 4. For the reasons set forth herein, Plaintiff's IFP application, Doc. 3, is **provisionally GRANTED** while his request for counsel, Doc. 4, is **DENIED**.

**I. Motion to Proceed IFP**

  Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an *IFP* motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding *IFP* "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny *IFP* status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

1

Based on the financial information provided by Plaintiff in his motion and affidavit of financial status, the Court believes Plaintiff has not provided sufficiently detailed information.[1] However, because of the Court's recommendation of dismissal, the Court will not require Plaintiff to provide additional information at this time but instead **provisionally GRANTS** his motion to proceed in forma pauperis (Doc. 3) pending any review by the District Court of the report & recommendation of dismissal. Should Plaintiff's Complaint survive the undersigned's recommendation of dismissal, the undersigned will reevaluate the issue of requiring additional financial information.

Because of the Court's contemporaneously filed report & recommendation of dismissal to the District Court, the undersigned Magistrate Judge directs that the Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

## II.    Request for Counsel

There is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, 883 n.9 (10th Cir. 2010) (citation omitted).

When deciding whether to appoint counsel, the Court considers the following factors: (1) the merit of the party's claims; (2) the nature and complexity of the factual and legal issues; and (3)

---

[1] Plaintiff leaves substantial portions of the financial affidavit incomplete. He does not provide information regarding employment, income, assets, or monthly expenses, and lists no cash on hand or in bank accounts. The affidavit contains only limited handwritten notations, including a reference to receiving "food stamps," without further detail regarding the amount or duration of such assistance. *See* Doc. 3-1. Because the affidavit lacks meaningful financial detail, the Court cannot fully assess Plaintiff's financial circumstances. If necessary, the Court will address this issue at a later date.

the party's capacity to prepare and present the case without the aid of counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court also considers whether the party can afford counsel and whether the party has made a diligent effort to retain an attorney. *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

The above factors weigh against appointing counsel. First, regarding the merits of Plaintiff's case, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In a separate order, the undersigned recommended dismissal of Plaintiff's case because he relies in part on federal criminal statutes that do not provide a private right of action, and his remaining allegations challenge injuries caused by a final state-court eviction judgment, which are barred by the *Rooker–Feldman* doctrine. The Court incorporates that analysis by reference. Thus, the Court does not find that Plaintiff has met his burden to show that there is sufficient merit to warrant the appointment of counsel.

Second, the Court must consider the nature and complexity of the factual and legal issues, which do not weigh in favor of appointing counsel. Although Plaintiff references multiple statutes and challenges a prior eviction, the issues presented are neither factually nor legally complex. The case turns on threshold jurisdictional and legal questions that may be resolved at an early stage of the proceedings, without discovery or evidentiary development. This factor does not support appointment of counsel.

Third, the next factor the Court will consider is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the Plaintiff's ability to gather and present crucial facts as well as the complexity of the case. *Id.* at 1422. Merely alleging that counsel could assist in presenting the "strongest possible case" does not justify granting such a motion. *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008). Here, Plaintiff has demonstrated an ability to present his positions to the Court through written filings, including his complaint and motions. Although Plaintiff is not trained in the law, his submissions reflect that he can articulate the factual basis of his claims and the relief he seeks. The legal deficiencies in Plaintiff's claims do not stem from an inability to communicate or prosecute the case, but from the absence of a cognizable basis for federal jurisdiction and relief. Appointment of counsel would not cure those defects. Accordingly, this factor does not support appointment of counsel.

Finally, Plaintiff must show diligence in searching for counsel. He must show that he "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires the movant to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). With respect to diligence, Plaintiff has not demonstrated a reasonably diligent effort to obtain counsel. Although the motion includes a section requesting information about Plaintiff's efforts to secure representation, Plaintiff did not identify any attorneys he contacted, describe any consultations, or provide responses from prospective counsel. The form is largely blank and contains no specific facts showing that Plaintiff attempted to obtain representation before seeking appointment by the Court. Because Plaintiff has provided no information demonstrating a reasonably diligent effort to retain counsel, he has not satisfied this prerequisite consideration. This failure independently supports denial.

Considering the relevant factors, the Court declines to appoint counsel in this matter. At this preliminary screening stage, Plaintiff has not shown that his claims have sufficient merit to justify the rare appointment of volunteer counsel, and the case does not presently present factual or legal issues of such complexity that counsel is necessary. Further, Plaintiff has demonstrated the ability to file pleadings and motions on his own. In addition, Plaintiff has not shown any diligence in attempting to secure counsel. Accordingly, the motion to appoint counsel is denied.

### III. Conclusion

The Court finds that the Plaintiff may provisionally proceed without the prepayment of fees. Further, because the Court finds that all of the above factors weigh against appointing counsel, Plaintiff's motion to appoint counsel is **denied**.

**IT IS THEREFORE ORDERED** that Plaintiff's IFP motion, Doc. 3, is **provisionally GRANTED**. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 4, is **DENIED**.

**IT IS FURTHER ORDERED** that, because of the Court's contemporaneously filed report & recommendation of dismissal, the Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

**IT IS SO ORDERED**.

Dated February 13, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge